# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-120** |
| **CALVERT MAGEE, JR.**<br>    a/k/a "Soulja"<br>    a/k/a "Blood" | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Calvert Magee, Jr.'s Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #115) is **DENIED WITHOUT PREJUDICE** to Magee's filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) should Congress act to make the Fairness in Sentencing Act of 2010 retroactive.

## BACKGROUND

On February 15, 2007, Calvert Magee, Jr. was charged with five separate counts in a superseding indictment filed by the federal grand jury. On September 25, 2007, he pleaded guilty to 4 of those counts: (1) Count 1, conspiracy to possess with the intent to distribute 50 grams or more of cocaine base and a quantity of cocaine hydrochloride, heroin, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A); (2) Count 2, conspiracy to possess firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(o); (3) Count 3, possession with the intent

to distribute 5 grams or more of cocaine base and a quantity of cocaine hydrochloride, heroin, and marijuana in violation of 21 U.S.C. § 922(g)(1), and; (4) Count 6, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At his rearraignment hearing, the court informed Magee that Count 1 had a mandatory minimum sentence of 10 years imprisonment, Count 3 had a mandatory minium sentence of 5 years imprisonment, and Count 6 had a mandatory minimum of 5 years imprisonment to be served consecutively to any sentence of imprisonment imposed on Counts 1, 2, and 3.

On January 9, 2008, Magee was sentenced to 120 months imprisonment as to Count 1, and 97 months imprisonment as to Counts 2 and 3, all such terms to be served concurrently. Magee was also sentenced to serve 60 months imprisonment as to Count 6, to be served consecutively to the terms of imprisonment imposed on Counts 1, 2, and 3.

Magee now seeks a sentence reduction under 28 U.S.C. § 2255, on the ground that the Fairness in Sentencing Act of 2010, Pub. L. No. 11-2220, 124 Stat. 2372 (August 3, 2010), retroactively applies to his conviction. Although Magee waived his right to file a petition for a writ of *habeas corpus* pursuant to § 2255, the court will treat this motion as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . ."

## ANALYSIS

The Fairness in Sentencing Act of 2010 amends several subsections of 21 U.S.C. § 841 to decrease the criminal penalties for particular cocaine base offenses. Pertinent to this case, the Fairness in Sentencing Act of 2010 amended § 841(b)(1)(A)(iii) to require 280 grams of cocaine

base to trigger the 10 year mandatory minimum term of imprisonment. Pub, L. No. 111-220, 124 Stat. 2372, § 2 (August 3, 2010). However, absent a clear Congressional intent, an amendment changing the punishment for a crime applies only prospectively, not retroactively. See 1 U.S.C. § 109. Congress has not expressed clear intent for the Fairness in Sentencing Act of 2010 to apply retroactively. Therefore, Magee, who was subject to the mandatory minimum sentence of 10 years imprisonment on Count 1under the version of § 841(a)(1) that was in force when he committed the offense, is not entitled to a sentence reduction at this time.

## CONCLUSION

**IT IS HEREBY ORDERED** that Calvert Magee, Jr.'s Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #115) is **DENIED WITHOUT PREJUDICE** to Magee's filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) should Congress act to make the Fairness in Sentencing Act of 2010 retroactive.

New Orleans, Louisiana, this  23rd  day of September, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**